UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES EDWARD KOLTAY,

    Petitioner,

v.    Case No. 8:06-cv-2095-T-24MSS

STATE OF FLORIDA,

    Respondent.

_____

**ORDER**

Petitioner James Koltay, an inmate in a Florida penal institution proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Koltay challenges his 1993 conviction for capital sexual battery[1] entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida. Koltay alleges that he pled guilty because he was taking psychotropic medication and could not think straight at the time of his plea.[2] Koltay is serving a 25-year sentence in the Florida Department of Corrections.

DISCUSSION

Pursuant to Rule 4 of the Rules Governing § 2254 Cases (2005), this Court is

---

[1] The sexual battery was perpetrated on his own three children under the age of 12. See Case No. 8:06-cv-2064-T-24MSS.

[2] Koltay alleges that because he pled guilty, the State withheld "Pinellas County graveyard robberies and a grand theft" charge.

required to conduct a preliminary review of the petition for writ of habeas corpus. ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition.").

Koltay did not file his present federal petition on the section 2254 form, and he has not set out any grounds for habeas corpus relief. This Court cannot require the Respondent to respond to a petition in which the Petitioner does not allege that his constitutional rights were violated. Furthermore, Koltay has not shown that he has properly exhausted any federal constitutional claims prior to filing the present petition. See, Coleman v. Thompson, 501 U.S. 722 (1991) (Requirement that state prisoner exhaust available state remedies as to any of his or her federal claims prior to seeking federal habeas relief is grounded in principles of comity; in federal system, States should have first opportunity to address and correct alleged violations of state prisoner's federal rights).

Because Koltay has not alleged any ground for habeas corpus relief, the Court orders:

That Koltay's petition for writ of habeas corpus is denied. The Clerk is directed to enter judgment against Koltay and to close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on November 14, 2006.

SUSAN C. BUCKLEW
United States District Judge

James Edward Koltay